UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MONTRELL D. GREEN,

    Plaintiff,

v.                                              Case No. 3:23cv9879-MCR-HTC

RICKY DIXON, SECRETARY DOC,

    Defendant.
_____/

## ORDER

Plaintiff, a prisoner proceeding *pro se*, initiated this action on April 7, 2023, by filing a civil rights complaint purporting to state a claim under 42 U.S.C. § 1983. ECF Doc. 1. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE because Plaintiff failed to truthfully disclose his prior litigation history.

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information state above and included on or with this form, including my litigation history, is true and correct." ECF Doc. 1 at 12. Despite that declaration, Plaintiff made several false representations in Section VIII of the complaint form. Plaintiff failed to identify any cases he had in federal court which were dismissed "prior to service" by checking

"NO" in response to question VIII.A, and also failed to identify any suits in federal court "challenging [his] conviction or relating to the conditions of [his] confinement" in response to question VIII.C.  ECF Doc. 1 at 9-11.

An independent review of Defendant's litigation history on PACER reveals that Plaintiff, Montrell (Deshun) Green with FDOC #: Y29805, has had **at least twelve (12)** cases dismissed prior to service and **at least twelve (12)** federal cases either challenging his conviction or relating to the conditions of his confinement: (1) *Green v. Tucker*, No. 2:12-cv-00017-UA-SPC (M.D. Fla. Jan. 30, 2013) - section 2254 Petition for Writ of Habeas Corpus challenging his 2006 judgment of conviction in case number 04-001062-CF, Twentieth Circuit Court, Lee County, Florida, dismissed as untimely; (2) *Green v. Griffin et al.*, No. 3:14-cv-00044-HLA-JK (M.D. Fla. Apr. 4, 2014) - 1983 case/medical treatment, dismissed for lack of prosecution; (3) *Green v. Taylor et al.*, No. 3:17-cv-00879-BJD-JBT (M.D. Fla. Aug. 7, 2017) - 1983 case/medical treatment, dismissed as duplicative to a state court case, 2017 CA 001211 in the Second Circuit, Leon County, Florida; (4) *Green et al v. Rakestraw et al.*, No. 2:19-cv-00902-SPC-NPM (M.D. Fla. Mar. 12, 2020) - 1983 case/challenging arrest and conviction, dismissed for lack of prosecution; (5) *Green et al v. Rakestraw et al.*, No. 2:20-cv-00142-SPC-NPM (M.D. Fla. Mar. 10, 2020) - same as above, dismissed as duplicative; (6) *Green v. Secretary*, Florida Department of Corrections, No. 3:22-cv-00283-BJD-JBT (M.D. Fla. Mar. 22, 2022) - filed an

emergency motion for injunctive relief challenging conditions of confinement, dismissed over form (failed to file a civil rights complaint); (7) *Green v. State of Florida*, No. 5:22-CV-295-DCR-HAI (E.D. Ky. Nov. 8, 2022) - section 2254 Petition for Writ of Habeas Corpus challenging sentence, transferred to M.D. Fla., Case No. 3:22-cv-01187-HES-JBT, further transferred to the Fort Myers Division (see case No. 2:22-cv-764-SPC-NPM below); (8) *Green v. Beasley*, No. 3:09-cv-00416-LC-MD (N.D. Fla. May 5, 2010) - 1983 case challenging close management status, voluntarily dismissed; (9) *Green v. Tucker*, No. 4:11-cv-00526-SPM-WCS (N.D. Fla. Jan. 10, 2012) - section 2254 Petition for Writ of Habeas Corpus challenging judgment of conviction by the Twentieth Circuit Court, Lee County, Florida, transferred to Middle District (see case No. 2:12-cv-00017-UA-SPC above); (10) *Green v. Edwards, et al.*, No. 5:22-cv-00071-TKW-MJF (N.D. Fla. June 14, 2022) - 1983 case relating to medical treatment, voluntarily dismissed; (11) *Green et al. v. Rakestraw et al.*, No. 1:19-cv-25209-RNS (S.D. Fla. Mar. 6, 2020) - 1983 case challenging arrest and conviction, transferred to Middle District (see case No. 2:20-cv-00142-SPC-NPM above); (12) *Green et al. v. Rakestraw et al.*, No. 1:19-cv-25047-JEM (S.D. Fla. Dec. 20, 2019) - 1983 case challenging arrest and conviction, transferred to Middle District (see case No. 2:19-cv-00902-SPC-NPM above). Plaintiff failed to disclose any of these cases on the complaint form.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "**Be advised that failure to disclose all prior state and federal cases – including but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case.**" ECF Doc. 1 at 8 (emphasis in original). Nonetheless, Plaintiff made the above false representations in his complaint. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal

that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's abuse of the judicial process.

2. The clerk be directed to close this file.

At Pensacola, Florida, this 12th day of June, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:23cv9879-MCR-HTC